MANILLA COMMUNITY SCHOOL DISTRICT of Crawford and Shelby
Counties, appellant; NORMAN E. CHRISTENSEN et al., inter-
venor-appellants, v. B. G. HALVERSON, County Super-
intendent of Schools, Carroll County, appellee;
MANNING COMMUNITY SCHOOL DISTRICT of
Crawford, Carroll, Audubon and Shelby
Counties, intervenor-appellee.

No. 49898.

(Reported in 101 N.W.2d 705)

MARCH 8, 1960.

Norelius & Norelius and Raun & Franck, all of Denison, for appellants.

Alan Loth, of Fort Dodge, for appellee, and Richard Crandall, of Manning, for intervenor-appellee.

LARSON, C. J.—The sole question presented in this appeal is whether legislation affecting school reorganization appearing as chapters 128 and 129, Acts of the Fifty-seventh General Assembly, was retrospective or prospective. The cause having been submitted on the pleadings and a stipulation of facts, the trial court determined as a matter of law that the controversial provisions of chapter 128 must be held prospective and that the organization election held April 29, 1959, in accordance with the provisions of the statute in existence at the time the petition was filed, was valid. The petitions of plaintiff and intervenor in its behalf were dismissed and injunctive relief denied. They appeal to us. We affirm.

The election in controversy is the final step necessary to establish the Manning Community School District. The record discloses that on or about April 27, 1957, a petition to organize this four-county district was filed. Various proceedings followed, resulting in an appeal to the courts. These issues were ultimately determined by us in Board of Education v. State Board of Public Instruction, 250 Iowa 627, 95 N.W.2d 285.

Section 275.20, Code of Iowa, 1954, in effect at the time the original petition was filed, did not permit electors of the Manilla

Community School District who did not reside in the area included in the proposed new district to participate in the election. Section 275.20, Code of 1954, provided: "* * * School districts affected or portion thereof shall be defined to mean that area to be included in the plan of the proposed new school district. * * *." In other words, only those electors residing' *within the area included* in the proposed district were permitted to vote in the election being contested herein.

Chapter 129 was the first of two Acts passed by the Fifty-seventh General Assembly relating to the reorganization of school districts. It provided in section 5 that section 275.20, Code of 1954, "is hereby repealed and *the following enacted in lieu thereof*: 'The voters residing' within the proposed boundaries shall vote separately in each existing school district affected upon the proposition to create such new corporation. *School districts affected shall be defined as those districts, all or any portion of which are within the area included in the proposed new school district.* If the proposition receives a majority of the votes cast in each of at least seventy-five percent (75%) of the said districts, and also a majority of the total number of votes cast in all of said districts, the proposition shall be deemed carried. Provided, however, that if two or more of the school districts affected have a resident average daily attendance in public schools of three hundred (300) or more pupils who were enrolled in public schools in the preceding school year, the proposition must also receive a majority of the votes cast in each of said districts in order to be deemed carried.' " (Emphasis supplied.)

Section 18 of the Act provided: "This Act being deemed of immediate importance shall be in full force and effect from and after its passage * * *; *provided, however, that this Act shall not affect any reorganization proposal for which a petition has been filed prior to the, effective date of this Act* with the superintendent of schools." (Emphasis supplied.)

By publication on May 2, 1957, this Act became effective May 3, 1957. Grant v. Norris, 249 Iowa 236, 242, 85 N.W.2d 261, 264.

On May 10, 1957, chapter 128, Acts of the Fifty-seventh General Assembly, also "AN ACT relating to school districts,

reorganization of school districts, providing for the classification of property for the purposes of taxation * * *" became effective by publication on May 9, 1957. Section 5 of that Act provided as follows:

"Code section two hundred seventy-five point twenty (275.20), Code 1954, and any amendments thereto *including amendments of the Fifty-seventh General Assembly* is hereby repealed and the following *substituted* in lieu thereof: [Emphasis supplied.]

" 'The voters shall vote separately in each existing school district affected or portion thereof upon the proposition to create such new school corporation. School districts affected or portion thereof shall be defined to mean that area included within the boundaries of the proposed new school corporation, except that where a portion of an existing school district operating a high school, or a rural independent school district of eight (8) sections or more operating a school formed prior to the effective date of this Act, is included within the boundaries of the proposed new school corporation, that affected school district shall be defined as that existing district within and without the proposed new school corporation, and in such districts the entire district shall vote. If the proposition receives a majority of the votes cast in each of at least seventy-five (75) percent of the said districts, and also a majority of the total number of votes cast in all of said districts, the proposition shall be deemed carried. Provided, however, that if two or more of the school districts affected have a resident average daily attendance in public schools of three hundred (300) or more pupils who were enrolled in public schools in the preceding school year, the proposition must also receive a majority of the votes cast in each of said districts in order to be deemed carried, and in such districts the entire existing district shall vote.' "

Section 6 thereof provided: "This Act being deemed of immediate importance shall be in full force and effect from and after its passage and publication in * * *." This publication clause did not repeat the so-called "grandfather" clause found in section 18 of chapter 129, Acts of the Fifty-seventh General Assembly, nor did it provide that its provisions were retroactive so as to affect pending reorganizations. Appellants contend

such deletion indicated a legislative intent to make chapter 128 retroactive, and that we should accept the opinion of the Attorney General issued shortly thereafter as conclusive of that intent.

I. The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent. Generally the courts have evolved a strict rule of construction against a retrospective operation, and in fact indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it to operate prospectively only, and not retroactively. Grant v. Norris, supra, 249 Iowa 236, 245, 85 N.W.2d 261, 266; 50 Am. Jur., Statutes, section 478. We have subscribed to the rule that retroactive laws are not looked upon with favor, but with disfavor, and we have always been loath to give statutes that effect unless the General Assembly clearly signifies or expresses that intent. Especially where as here the right affected is substantive, we favor a prospective interpretation. Dingman v. Council Bluffs, 249 Iowa 1121, 1130, 90 N.W.2d 742, 748, and cases cited; Grant v. Norris, supra; Davis v. Jones, 247 Iowa 1031, 78 N.W.2d 6; Thomas v. Disbrow, 208 Iowa 873, 224 N.W. 36.

II. Of course the primary rule in statutory construction cases is to ascertain and give effect to the intention of the legislature. Dingman v. Council Bluffs, supra; Grant v. Norris, supra, 249 Iowa 236, 85 N.W.2d 261, and authorities cited therein. We pointed out in Grant v. Norris that the legislature itself in chapter 4, Code, 1958, provided guides for the construction of statutes. Section 4.1(1) provided that the repeal of a statute does not affect any right which has accrued, "or any proceeding commenced, under or by virtue of the statute repealed." To the extent that such directions are applicable they become a part of the statute in question and must govern our course in the pursuit and discovery of that illusive legislative intent.

Two fundamental rules of statutory construction are applicable here. In seeking the meaning of a law the entire Act and other related Acts and statutes should be considered. Davis v. Davis, 246 Iowa 262, 274, 67 N.W.2d 566, 573; Ahrweiler v. Board of Supervisors, 226 Iowa 229, 231, 283 N.W.

889; Eysink v. Board of Supervisors, 229 Iowa 1240, 1243, 296 N.W. 376. Each section of an Act must be construed with the Act as a whole, and with every other section. Wood Bros. Thresher Co. v. Eicher, 231 Iowa 550, 560, 1 N.W.2d 655, 660; 82 C. J. S., Statutes, section 345a. "All parts of the act should be considered, compared, and construed together. It is not permissible to rest the construction upon any one part alone * * * or to give undue effect thereto." 50 Am. Jur., Statutes, section 352, pages 352–354.

Sections 5, 6 and 7 of chapter 129 all relate to reorganization elections. It would be strange indeed to hold section 5 retroactive and sections 6 and 7 prospective, without clear and definite direction from the General Assembly. Consideration must be given to the Act as a whole. Spencer Publishing Co. v. City of Spencer, 250 Iowa 47, 50, 92 N.W.2d 633, 635. We cannot, then, ignore the word "substituted" used in section 5 of chapter 128 as appellants think we should, for if it referred to substituting this section 5 for the section 5 in chapter 129, which would seem reasonable, then by express terms the legislature has made this Act prospective only and not applicable to pending reorganizations. See 83 C. J. S. 766 for significance of the word "substitute".

Again in Dingman v. Council Bluffs, supra, 249 Iowa 1121, 1130, 90 N.W.2d 742, we recognized the well-established rule in this jurisdiction stated in In re Estate of Hall, 233 Iowa 1148, 1153, 11 N.W.2d 379, that a statute will not be construed to be retroactive unless it is the intent of the legislature to make it so and such intent is clearly expressed. We cited the general rule as set out in 82 C. J. S., Statutes, 558, section 319, which states: "Statutes framed in general terms ordinarily apply to cases and subjects within their terms subsequently arising, and, unless plainly indicating the contrary, are to be construed prospectively, especially where substantive rights are involved." We applied the rule in Lever Brothers Co. v. Erbe, 249 Iowa 454, 466, 87 N.W.2d 469, 477, 478.

III. Express terms such as are found in the publication clause, section 18 of chapter 129, Acts of the Fifty-seventh General Assembly, are conclusive of the legislative intent not to make the provisions of chapter 129 retrospective, but pro-

spective only. Appellants do not contend otherwise. However, it is their contention that as to the provisions of section 5 of that Act there was a legislative change of mind; that by its later repeal in chapter 128, Acts of the Fifty-seventh General Assembly, which Act did not contain the saving or "grandfather" clause found in chapter 129, the legislature indicated a desire that this provision be retroactive. Assuming such facts raise an inference of such intent, a very weak one, aided only by an Attorney General's opinion rendered without benefit of adverse views, and what appellants call a judicially recognizable evil which required immediate remedial action, we think it has little or no merit in this matter. On the other hand, appellee's explanation that the language and not the meaning was altered by section 5 of chapter 128, and that it was altered in an abundance of caution and for the purpose of clarification is quite persuasive. Obviously, then, if it did not infer a change of the express intention in chapter 129, it must be held retrospective and not prospective.

The unusual words "substituted in lieu thereof" in section 5, chapter 128, seem to have been purposely used to show that the legislature intended only to clarify the language used in section 5 of chapter 129 and to substitute section 5 of chapter 128 for section 5 of chapter 129.

IV. It is a well-known and established rule in this jurisdiction that statutes in pari materia shall be construed together, and this applies with particular force to statutes passed at the same legislative session. Iowa Motor Vehicle Assn. v. Board of Railroad Comrs., 207 Iowa 461, 221 N.W. 364, 75 A. L. R. 1. Thus where as here we find two Acts adopted at the same session of the legislature relating to the same subject matter, the statutes should be construed together. It is presumed that such Acts are imbedded with the same spirit and actuated with the same policy, and they are to be construed together as if part of the same Act. Iowa Motor Vehicle Assn. v. Board of Railroad Comrs., supra; Sutherland Statutory Construction, Third Edition, Volume 2, page 529. The policy not to make these school reorganization provisions retroactive was clearly expressed by section 18 of chapter 129. Section 6 of chapter 128 was later but is silent on the matter. In such a situation

we think a specific express intent in the later Act would be required to alter the express policy previously adopted by the Fifty-seventh General Assembly in their school reorganization program.

Whether it is changing the rules in the middle of the game, changing horses in the middle of the stream, or changing the voting qualifications in a pending school reorganization, reason and logic are not on the side of such change. The authority to do so should be clearly expressed.

 It is true that ordinarily a change in the language of a statute indicates an intention to change its meaning, but an amendment may also be passed to clarify the statute so as to clearly express the intent of the law. Anderson v. Hadley, 245 Iowa 550, 559, 63 N.W.2d 234. We think the case at bar is in the latter class, and that the desire for clarity was the better explanation, not a change of policy regarding pending reorganizations.

 Furthermore, as pointed out by appellee, if the provisions were meant to be retroactive, there would have been little use in making them effective by publication. Though not conclusive, this fact is entitled to some consideration. In any event when read together, these two Acts admit of but one clear intent —that section 275.20, Code of 1954, was to be replaced, and that as to proposed school reorganizations commenced thereafter, the right to vote on such reorganization questions was to be extended to residents of other areas affected, and not solely confined to those included in the proposed new district.

There was no obvious emergency and no apparent evil which required drastic or unusual remedial action by the legislature. The desire of that body to include in the future others in the area to vote in such elections does not indicate an emergency. If it had so appeared, the legislature surely would have provided in *express terms* for the retroactive effect of chapter 128.

 V. In the case of In re Incorporation of Town of Avon Lake, 249 Iowa 1112, 1118, 88 N.W.2d 784, 787, cited by both appellant and appellee, the rule was expressed that for the purpose of determining the legislative intent as to retrospective or prospective application of a statute, the court will first look

at the language of the Act, second, will consider the manifest evil to be remedied, and third, will determine whether there was a previously existing statute governing or limiting the mischief which the new Act is intended to remedy.

Applying that rule here, we find the only reason for the delay in voting on the pending reorganization was an appeal to this court. There is little or nothing to indicate any so-called cannibalizing of minimum-sized school districts such as would require judicial notice of an existing evil. Sufficient safeguards satisfactory to the legislature in the past were in effect, and their effectiveness did not appear to have suffered in this instance.

It further appears that the *proceedings* were such as are contemplated under chapter 4, section 4.1, Code of 1958, that the right of franchise granted those within the area proposed was a *substantial right*, and that the *duty* of the superintendent was fixed and properly exercised.

There is nothing in this record, except the failure to use express language making chapter 128 prospective only, which would indicate a legislative intent that the provisions of section 275.20 as enacted by the Fifty-seventh General Assembly should act retrospectively, or overcome the presumption that they were not retroactive. Therefore, we must hold, as did the trial court, that the election conducted under the provisions of section 275.20, Code of 1954, was valid, that the plaintiff's and intervenors' petition to set it aside must be dismissed and the injunctive proceedings denied.—Affirmed.

All JUSTICES concur.