D. Sue SPILMAN, Appellant,

v.

**BOARD OF DIRECTORS OF DAVIS COUNTY COMMUNITY SCHOOL DISTRICT, Appellee.**

No. 2–58724.

Supreme Court of Iowa.

May 25, 1977.

Vern M. Ball, Ball Law Offices, Bloomfield, for appellant.

Kenneth L. Keith, Dull, Keith & Beaver, Ottumwa, for appellee.

Heard by MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

MOORE, Chief Justice.

Plaintiff "library clerk" appeals declaratory judgment holding her employment under that contract designation is not included in the definition of "certificated employees" and consequently she is not entitled to the continuing contract protection of section 279.13, 1973 Code, upon termination. We affirm.

After a rather detailed conference between plaintiff and Edward L. Hutchcroft, superintendent of defendant school district, the parties on July 30, 1973 entered into a written employment contract under which plaintiff agreed to serve as a "library clerk" for 180 working days during the 1973–74 school year. She was to be paid $4600, an amount less than the basic teacher scale. The usual teacher employment contract form was not used.

Plaintiff commenced service on August 23, 1973 as a "library clerk" at the Middle School in Bloomfield and continued during the period set out in the contract. At the end of the school year plaintiff was orally informed her contract would not be renewed for the following year. It is undisputed she received no formal written notice and no hearing was granted relating to the termination.

Subsequently she brought the present action on September 20, 1974 seeking a declaratory judgment that she was entitled to the protection of section 279.13, 1973 Code. In pertinent parts it provides:

"Contracts with teachers must be in writing, and shall state the length of time the school is to be taught, * * *.

"Said contract shall remain in force and effect for the period stated in the contract and thereafter shall be automatically continued in force and effect for equivalent periods except * * *. On or before April 15, of each year the teacher may file his written resignation with the secretary of the board of directors, or the board may by a majority vote of the elected membership of the board, cause said contract to be terminated by written notification of termination, by a certified letter mailed to each teacher not later than the tenth day of April; * * *. The term 'teacher' as used in this section shall include all certificated school employees, including superintendents."

At trial held in June 1975 various teachers from the school testified that in addition to typing and general clerical functions connected with the classification and cataloguing of books, plaintiff assisted in selection of film strips, compilation of book lists and instructed 7th and 8th grade students in the use of the library. At no time was she assisted or supervised by a librarian.

Plaintiff testified that although she had proper certification from the State Department of Public Instruction to teach and serve as a librarian, she had never previously been so employed. She also testified she was hired as a "library clerk" and was aware of the difference between a "librarian" and a "library clerk" when she signed the contract.

Superintendent Hutchcroft testified the school had never previously employed a librarian or a library clerk and that his only authority was to hire a library clerk. He stated he made it clear plaintiff was being hired as a library clerk.

The trial court's findings of fact and conclusions of law included the following conclusions and declaratory judgment:

"1. That the competent evidence in this case establishes that the plaintiff herein was in fact employed as a 'library Clerk' for Middle School.

"2. That such employment was not in the category of 'Librarian' or 'Teacher' and as a consequence was not and is not entitled to the benefit and provisions of Sections 279.24 and 279.13 of the Code of Iowa.

"IT IS ACCORDINGLY ORDERED AND ADJUDGED BY THE COURT that this case be and it is hereby dismissed upon its merits and costs made in this proceedings in the amount of $_____ (Clerk assess) be taxed to plaintiff."

On this appeal from the declaratory judgment plaintiff seeks reversal on the grounds the trial court's conclusions were erroneous.

I. This declaratory judgment action was tried at law and therefore our review is on errors assigned and not de novo. *Laing v. State Farm Fire & Cas. Co.,* Iowa, 236 N.W.2d 317, 319; *Barrett v. Eastern Iowa Community College District,* Iowa, 221 N.W.2d 781, 784. Findings of fact by the trial court will not be disturbed on appeal if supported by substantial evidence. Furthermore we view the evidence in a light most favorable to the judgment and in case of ambiguity construe to uphold, rather than defeat the judgment. Rule 344(f)(1), Rules of Civil Procedure; *Nora Springs Co-op Co. v. Brandau,* Iowa, 247 N.W.2d 744, 747.

II. Our primary task here is to construe plaintiff's employment contract, in light of our continuing teacher contract statute, section 279.13. Of course, construction, the legal effect of a contract is always a matter of law to be decided by the court. *Westhoff v. American Interinsurance Exchange,* Iowa, 250 N.W.2d 404, 408; *Roland A. Wilson v. Forty–O–Four Grand Corp.,* Iowa, 246 N.W.2d 922, 924. We must determine whether use of the contract term "library clerk" is encompassed within the statutory language "all certificated school employees." If it is, then we must reverse as we have repeatedly held the steps to be taken by a school board before terminating a teacher's contract under this section are statutorily mandated. *Kruse v. Bd. of Directors of Lamoni Community,* Iowa, 231

N.W.2d 626, 631, 632; *Barrett v. Eastern Iowa Community College District, supra,* 221 N.W.2d at 783; *Flanders v. Waterloo Community School District,* Iowa, 217 N.W.2d 579, 581.

In examining the statute we are guided by familiar principles of statutory construction. The polestar is legislative intent. *Doe v. Ray,* Iowa, 251 N.W.2d 496, 500; *Iowa Dept. of Rev. v. Iowa Merit Employ. Com'n.,* Iowa, 243 N.W.2d 610, 614.

Our goal is to ascertain that intent and give it effect. *Doe v. Ray, supra; State v. Prybil,* Iowa, 211 N.W.2d 308, 311; *Isaacson v. Iowa State Tax Commission,* Iowa, 183 N.W.2d 693, 695. It is our duty to give it the interpretation its language calls for and not to speculate as to probable legislative intent apart from the wording used. Rule 344(f)(13), R.C.P.; *Ashby v. School Township of Liberty,* 250 Iowa 1201, 1214, 98 N.W.2d 848, 857.

Meaning can be given to the term "all certificated employees" only by considering other statutes relating to educational requirements. Thus the concept of pari materia comes into play. *Matter of Estate of Bliven,* Iowa, 236 N.W.2d 366, 369; *Steinbeck v. Iowa Dist. Ct. In and For Linn Cty.,* Iowa, 224 N.W.2d 469, 473; *Grant v. Fritz,* Iowa, 201 N.W.2d 188, 194.

"Teachers" are expressly included within the ambit of the statute. Also see Code sections 257.25 and 260.6; 1973 I.D.R. Public Instruction, chapters 13, 14. While "librarians" are not expressly included in section 279.13, they are clearly, nonetheless, certificated employees as indicated in section 257.25(9)(a)(2); 1973 I.D.R. Public Instruction 19.16(257). At no place in either the Code or Department Rule is there any provision made for certification of "library clerks," although it appears the Iowa Administrative Code, effective July 1, 1975 and thus inapplicable here, would cover cases after that date. See I.A.C. 670–15.–38(257). Also see 66 G.A. ch. 1151, sec. 1(1) (1976 Session).

Additionally, we note plaintiff herself testified she was familiar with the terms of the contract and was aware she was being employed as a library clerk before she signed the contract. Thus there is no question here of the intent of these parties as to the meaning of their contract. It is not our role in such a case to make a new contract by arbitrary judicial construction and we decline to do so. *Allen v. Highway Equipment Co.,* Iowa, 239 N.W.2d 135, 139; *Bjork v. Dairyland Insurance Company,* Iowa, 174 N.W.2d 379, 383; *B–W Acceptance Corp. v. Saluri,* 258 Iowa 489, 495, 139 N.W.2d 399, 403.

We agree with trial court the fact plaintiff was otherwise certified as a teacher and librarian is not herein determinative. The question is whether the "library clerk" position she held under her employment contract entitles her to section 279.13 protection. We find and hold, on its face, it does not.

III. Plaintiff's argument that she in fact worked as a "librarian" although employed under her contract as a "library clerk" is not without some support in the record. Several teachers did testify that she assisted their students in finding books, explained the use of a library and acted much as a "librarian." However, other evidence showed many of her duties were ministerial functions relating to book displays and placing orders for teachers.

Thus the inferences to be drawn therefrom and resulting construction becomes a factual dispute requiring a factual determination by the trier of fact. *General Casualty Co. v. Hines,* 261 Iowa 738, 745, 156 N.W.2d 118, 123; *Morris Plan Co. v. Bingham F. and Gr. Co.,* 259 Iowa 404, 415, 416, 143 N.W.2d 404, 412.

We believe there is substantial evidence supporting trial court's findings and conclusions that plaintiff was employed by the Davis County Community School District as a "library clerk" for the 1973–1974 school year.

The judgment of the trial court is affirmed.

AFFIRMED.