**Joanne SLOCKETT, Appellant,**

v.

**IOWA VALLEY COMMUNITY SCHOOL DISTRICT, The Board of Directors of the Iowa Valley Community School District, as an Entity, and Individual Members of the Board, Ronald J. Thompson, Robert Loffer, and Maurice Hartz, Appellees.**

No. 83–1361.

Supreme Court of Iowa.

Dec. 19, 1984.

James L. Sayre and Becky S. Knutson of Sayre & Gribble, P.C., Des Moines, for appellant.

Glenn L. Johnson of Shuttleworth & Ingersoll, P.C., Cedar Rapids, and L.C. McMeen, Marengo, for appellees.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and WOLLE, JJ.

HARRIS, Justice.

The question here is whether a coaching contract created a tenured teaching position. The trial court held the position was an extra-duty assignment, unprotected by Iowa's teacher tenure statutes. We agree.

Plaintiff was first employed by defendant district as a teacher for the 1973–74 school year in September 1973. According to the contract, plaintiff was hired both as a physical education instructor and junior high basketball coach. A similar contract was entered for the succeeding year. The agreement was different for the 1975–76 school year when two documents were executed. One, entitled "agreement to modify teacher's continuing contract," provided:

> Duties, Elementary Physical Education Instructor; Duty is ⅘ of full-time position; schedule to be arranged by principal. *Activity or additional assignments to be made by administration as needed.* Salary adjustments, assignments, or activity to be made according to extra duty pay schedule. (Emphasis added.)

Under the other document, called a "coaching contract," plaintiff undertook a varsity coaching assignment. It provided:

> Witnesseth: That party of the second part [the district] hereby *appoints* the party of the first part [plaintiff] to the position of head girls' varsity basketball coach and assistant girls' varsity track coach for the 1976–77 school year. (Emphasis added.)

Plaintiff continued her employment under this same arrangement for the 1976–77 and 1977–78 school years. Each time two separate documents were again signed.

In February of 1979, the defendant school board voted not to offer plaintiff the head girls' varsity basketball coaching position for the 1979–80 school year. There was no attempt to terminate her other duties and plaintiff has continued as a physical education teacher and junior high girls' track coach. It was stipulated that plaintiff's varsity coaching position was terminated without affording her the procedural protections provided for termination of teacher contracts. *See* Iowa Code §§ 279.13 through 279.18, and 279.27, The Code (1983).

For the entire period plaintiff's compensation for the teaching position has been determined by a salary schedule contained in the district's master agreement with the teachers. Her compensation for the coaching position was determined by an extra-duty pay schedule, which is a part of the same agreement.

Plaintiff brought this declaratory judgment action asserting contractual rights to

the head coaching position. She claims the district, having failed to terminate her coaching position in accordance with the statutory procedures, was without power to do so unilaterally. The trial court, ruling on the district's motion for summary judgment, determined that the head coaching position was a mere extra-duty assignment and did not qualify as a tenured teaching position. Hence it ruled the district was not obligated to comply with the statutory requirements for terminating tenured positions.

I. After the trial court entered its ruling, the General Assembly amended Iowa Code chapters 279 and 260 so as to require separate contracts for positions to coach interscholastic activities. 1984 Iowa Legis. Serv. No. 5, pp. 216–20 (West) (enacting new Iowa Code section 279.19A).

Under section 279.19A(1) of the new provision coaching positions are to be provided by a contract which is separate from any teaching contract. Under Iowa Code section 279.19A(2), as now amended, the "extra-curricular contract may be terminated at the end of a school year pursuant to sections 279.15 through 279.19."

Plaintiff argues the new law applies to her. She believes the legislation was aimed at our decision in *Board of Education Fort Madison Community School District v. Youel*, 282 N.W.2d 677 (Iowa 1979) and argues it is a legislative explanation of the prior law and hence governs this case.

Much has been written concerning the effect of legislative changes in statutes which had already become the subject of suit. It is commonly argued both ways, one party urging the change to be a statement of what the legislature intended all along and the other party insisting that, because a change was thought necessary, the amendment is no evidence of legislative intent regarding the earlier statute. Authority can be cited supporting either proposition. *See Sutherland: Statutes and Statutory Construction*, § 49.11 (Sands 4th ed. 1973).

Notwithstanding the split of authority, we think a whole-sale or extensive statutory amendment is ordinarily an indication that the law was altered by the amendment. A number of reasons support this view. One theory is that the legislature is not presumed to perform a useless act. *Sutherland, Id.* This view also seems consistent with the rule which presumes a legislative act is prospective, not retrospective. *Manilla Community School District v. Halverson*, 251 Iowa 496, 501, 101 N.W.2d 705, 708 (1960). Finally, it is the fundamental prerogative of the legislature to declare what the law shall be, but of the courts to declare what it is. *City of Sioux City v. Young*, 250 Iowa 1005, 1009–10, 97 N.W.2d 907, 910–11 (1959).

Of course, there are exceptions, situations when the law is amended as to minor details and some disputed question is made clear by the amendment. In such a case the amendment can be said to cast light on the legislature's earlier intent. *Barnett v. Durant Community School District*, 249 N.W.2d 626, 629–30 (Iowa 1977). The extensive amendment here falls under the rule, not the exception. The recent amendment creates a scheme which is different from the one which controls this suit.

II. Plaintiff contends both *Munger v. Board of Education of Jesup Community School District*, 325 N.W.2d 377 (Iowa 1982) and *Board of Education of Fort Madison School District v. Youel* establish that her coaching position is to be considered an inseparable part of her teaching contract and is hence tenured.

The plaintiff in *Youel* was employed as a mathematics teacher and football coach. The two functions were undertaken together so that, when the school became dissatisfied with Youel's coaching performance, it attempted to terminate his employment altogether. We however noted his performance as a mathematics teacher was beyond serious criticism and said:

The question of partial termination is not an issue here, and we express no opinion

as to whether Youel, had he requested, was entitled to stay on as a mathematics teacher. 282 N.W.2d at 684. Under the circumstances we accorded his coaching position procedural protection even though coaching provided only a small increment to his basic teaching salary.

In *Munger*, we did deal with a partial termination. Munger was hired as a social studies teacher and wrestling coach. Again the functions were combined in the agreement with the school. Munger was threatened with termination for his alleged poor performance as a wrestling coach. He responded by attempting to achieve what the plaintiff here was given by her employer. He tendered his resignation as wrestling coach but not as a social studies teacher. We summarized and resolved the issue with Munger this way:

> The question is whether Munger could voluntarily resign from only a part of his duties under the contract. In other words, is the contract severable. *Although some contracts may be so worded, this one is not.* Munger's contract is indivisible, requiring him to render certain services, including coaching duties. Munger cannot unilaterally pick and choose the duties which he wishes to retain and those which he wishes to relinquish. He must render all the services required by his agreement.

325 N.W.2d at 378 (emphasis added). The association in this case seizes on the emphasized language because it acknowledges the propriety of severable contracts, one for teaching and a separate one for coaching. Because Munger's contract was not severable we accorded full procedural protection under chapter 279 in his employer's attempt to terminate his employment.

In both *Youel* and *Munger* the teacher's entire position was in jeopardy. The plaintiff here retains her teaching position; only her coaching job is at issue. The *Youel* and *Munger* cases stand for the proposition

that, where a teacher is being dismissed, the justification must be developed by the statutory procedure. Because Youel and Munger were being fired as teachers they were afforded protection. Coaching was protected in those cases because it triggered a teacher's dismissal. In other words, in each case it was the teaching position, not the intertwined coaching position, to which tenure attached and which called for chapter 279 procedural protection.

The present case differs from both *Youel* and *Munger* because here we have a clear separation of the teaching contract and the coaching assignment. The wording of the instruments plainly provide that coaching was a mere extra-duty assignment, separately derived and separately compensable. We find nothing in chapter 279, prior to the recent amendment not involved here, which prohibited such a contractual arrangement.

III. The plaintiff also contends that, even as a separately assigned duty, coaching is a tenured teaching position. To support this contention she points to the language in section 279.13 which she says is a statutory definition of a teacher ("teachers, ... for the purpose of this section means all *certified* employees of a school district"). This statutory definition is then coupled with Iowa administrative code section 670–15.27 (257)[1] which requires coaches to be certified. Plaintiff argues that, in *Spilman v. Board of Directors of Davis County Community School District*, 253 N.W.2d 593 (Iowa 1977), we turned the applicability of the teacher tenure statute on whether certification is required for the position.

▪ Plaintiff misreads the import of our holding in *Spilman*. It was a sufficient answer to Spilman's contention to point out that there was sufficient evidence to support the fact-finder's determination regarding Spilman's work in a non-certified position. The case does not stand for the proposition that this plaintiff becomes entitled

---

**1.** The administrative requirement has been somewhat altered and codified in the recent legislation. See: 1984 Iowa Legis.Serv. No. 5, p. 219 (West). The change is not involved in this suit.

to a separate, duplicate, set of statutory tenure protections when the coaching assignment is added to her teaching duties. Surely, no duplicate tenure protections arose from the requirement that coaches be certified. We believe, and hold, that the legislature intended for tenure to attach to the teaching position, not the coaching assignment.

 The administrative requirement that coaches must be certified does not carry teachers' tenure rights into coaching assignments. Teacher coaches, under the statute here involved, were tenured as teachers but there was nothing that prohibited them from agreeing to serve as coaches as an extra-duty assignment. The statutory definition of a teacher within section 279.13, in extending the definition to "all certified employees of a school district" included this plaintiff. But, as a teacher, she was free to contract as she did to enter upon coaching duties by way of the separate extra-duty assignment.

The trial court was correct in determining the coaching position involved here was, by agreement of the parties, a mere extra-duty assignment. As such it was not a tenured teaching position. Summary judgment was properly entered against the plaintiff.

AFFIRMED.

All Justices concur except McCORMICK, J., who dissents.

McCORMICK, Justice (dissenting).

At the time material here no one could coach who did not hold a teaching certificate. All certificated employees of the school district, with exceptions not applicable here, were teachers within the meaning of Iowa Code section 279.13. Thus we recognized in *Spilman v. Board of Directors of Davis County Community School District*, 253 N.W.2d 593, 596 (Iowa 1977) that librarians who were required to be certificated were teachers. No teacher could be terminated from a teaching contract unless the procedures of chapter 279 were followed. Here the teacher had two separate contracts, one, for four-fifths of her time, to teach elementary physical education, and the other for the extracurricular duties as basketball coach and assistant track coach. The recent statutory change makes mandatory what this district and teacher did voluntarily. Plaintiff was no less a teacher within the meaning of section 279.13 under one contract than under the other. It follows that the district could not terminate either contract without using chapter 279 procedures. Because those procedures were not used, I would reverse the judgment for the district.