**ATLANTIC EDUCATION ASSOCIATION and Joan Breining, Appellants,**

v.

**ATLANTIC COMMUNITY SCHOOL DISTRICT, Appellee.**

No. 90–621.

Supreme Court of Iowa.

May 15, 1991.

Becky S. Knutson of Sayre & Gribble, P.C., Des Moines, for appellants.

Thomas W. Foley of Nyemaster, Goode, McLaughlin, Voights, West, Hansell & O'Brien, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN, and SNELL, JJ.

PER CURIAM.

Joan Breining, an elementary school teacher, appeals from a district court order refusing to stay termination proceedings under Iowa Code chapter 279 (1989). Breining claims that she is entitled to arbitrate her grievances under the applicable collective bargaining agreement prior to any action under chapter 279.

Breining was employed by the Atlantic Community School District for twenty-two years. She was evaluated twice by her supervisor in January and February 1990, both times receiving poor evaluations. On February 28, Breining filed a grievance challenging the summation evaluation as "not supported by the observations of the grievant's performance."

On March 13, the school district notified Breining that her termination was being recommended in accordance with Iowa Code section 279.27 based on her negative performance evaluations. After receiving this notice, Breining requested a private evidentiary hearing before the school district's board of directors.

On April 3, Breining filed a grievance concerning the March 13 termination recommendation. She claimed that the notice was, "supported by evaluations and observations that violate the procedures stated [in Article 12 of the Master Contract] and violate the intent of the parties when Article 12 was negotiated."

Breining, represented by the Atlantic Education Association, pursued both her evaluation grievance and her termination grievance to Level III of the grievance process. On April 12, 1990, the superintendent denied both grievances. The superintendent concluded that neither grievance stated a violation, misinterpretation or misapplication of the master contract and were therefore, not arbitrable.

On April 16, Breining and the Atlantic Education Association filed a petition to stay the chapter 279 proceedings. The next day, Breining and the association

moved to compel arbitration of her evaluation grievance. The district court denied the stay. The association and Breining then filed this appeal. Subsequent to the appeal, the school district board of directors terminated her teaching contract in a written decision dated June 7, 1990. Breining appealed the board's decision to an adjudicator pursuant to Iowa Code section 279.16.

On appeal to this court, Breining argues for the enforcement of her right to challenge her performance evaluations under the contract grievance procedure, and asserts that chapter 279 does not preclude the arbitration of an evaluation grievance.

■ This court has determined that grievance arbitration takes precedence over an ongoing chapter 279 proceeding if the decision to terminate a teacher is arbitrable under the controlling collective bargaining agreement. *Shenandoah Educ. Ass'n v. Shenandoah Community School Dist.*, 337 N.W.2d 477 (Iowa 1983). If the termination decision is not arbitrable, then chapter 279 proceedings take precedence. Therefore, the key inquiry in determining whether Breining may pursue arbitration over a chapter 279 proceeding is whether the grievance raised is an issue the parties agreed to settle by arbitration. *Sergeant Bluff-Luton Educ. Ass'n v. Sergeant Bluff-Luton Community School Dist.*, 282 N.W.2d 144, 147 (Iowa 1979). Arbitrability is thus a legal issue the court must resolve through interpretation and construction of the parties' collective bargaining agreement. *Iowa City Community School Dist. v. Iowa City Educ. Ass'n*, 343 N.W.2d 139, 141 (Iowa 1983).

Article 6 of the master contract between the Atlantic School District and the Atlantic Education Association defines a grievance as, "an allegation by an employee ... that there has been a violation, misinterpretation, or misapplication of any provision of this Master Contract Agreement." Article 12 of the agreement provides for the procedure to be employed in evaluating employees covered by the contract. Section 5 of this article specifically provides that, "the administration will determine the methods of evaluation to be used. Procedure sections 2, 3, and 4 will apply for any other unsatisfactory written evaluation reports." In addition, section 7 provides for the evaluation procedure necessary when dismissal is a consideration. However, the article does not provide any established criteria for determining what constitutes unsatisfactory performance justifying a possible termination.

■ This court has recognized that issues of unsatisfactory teacher performance in the context of a salary dispute may be arbitrable. *Iowa City Community School Dist. v. Iowa City Educ. Ass'n*, 343 N.W.2d at 142. We have also recognized as mandatory subjects for bargaining school contract proposals that seek to incorporate a specific evaluation instrument into the agreement and grant employees the right to grieve all evaluations. Thus, the parties may agree to include the right to challenge evaluations as unfair, unjust, or inaccurate through the grievance procedure set forth in the contract. *Aplington Community School Dist. v. Iowa Pub. Employment Relations Bd.*, 392 N.W.2d 495 (Iowa 1986). The fact that teachers may bargain for the right to arbitrate certain teacher evaluations does not, however, necessarily establish that a teacher has a right to arbitrate every dispute under the applicable collective bargaining agreement. This court has required the district to arbitrate a decision to terminate a teacher's contract where the contract expressly provided that an employee had a right to elect to file a grievance if the employee questioned the good and proper cause of discharge. *Waterloo Educ. Ass'n v. Waterloo Community School Dist.*, 372 N.W.2d 267 (Iowa 1985). Key to this conclusion, however, was the specific inclusion in the contract of the right to arbitrate the dispute raised.

■ In the present case, the Atlantic school's bargaining agreement does not clearly provide for arbitration of grievances concerning performance evaluations that result in termination recommendations. As noted previously, the agreement provides no substantive criteria to be used

in assessing teacher performance. Breining's two grievances are limited to her dissatisfaction with her performance evaluations; she does not contest the procedural steps taken by the school district under the contract to terminate her employment. We note that, unlike either *Shenandoah Education Association* or *Waterloo Education Association,* the Atlantic school district invoked Iowa Code section 279.27, and not section 279.15, when it recommended termination of Breining's contract. In both previous cases, this court noted that chapter 279 would take precedence when the issue is a discharge for just cause which is personal to the teacher under Iowa Code section 279.27. *Waterloo Educ. Ass'n,* 372 N.W.2d at 268–69.

We conclude that the arbitration clause in the Atlantic collective bargaining agreement does not cover Breining's grievances. Therefore, we affirm the district court's decision refusing to stay Iowa Code chapter 279 proceedings pending arbitration.

AFFIRMED.