**OTTUMWA EDUCATION ASSOCIATION,**
**Plaintiff–Appellant,**

v.

**OTTUMWA COMMUNITY SCHOOL DISTRICT, Defendant–Appellee.**

No. 2–64719.

Court of Appeals of Iowa.

June 24, 1980.

Charles E. Gribble of Dreher, Wilson, Adams & Jensen, Des Moines, for plaintiff—appellant.

Richard C. Bauerle of Johnson, Bauerle & Hester, Ottumwa, for defendant—appellee.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

PER CURIAM.

■ This is an appeal by an employee organization (association) challenging the propriety of trial court adjudication with respect to rights of compulsory arbitration under the organization's collective bargaining agreement with the defendant—appellee school district. The same issues have previously been submitted to this court by the parties. On the prior occasion, the appeal was dismissed for want of the entry of final judgment in the trial court. Judgment has now been entered in the court below and the issues have again been submitted to this court for decision on appeal. We also consider at this time appellee's motion to dismiss the appeal as moot. Because the continuing obligations of the parties under a collective bargaining agreement are involved, we find the issues are not moot and deny the motion.

Procedurally, this action arose when the association filed a petition in equity to compel the arbitration of a grievance on behalf of Fred Hutton. Hutton was an employee of the school district subject to the collective bargaining agreement in force between the parties. The grievance arose from Hutton's application for the position of counselor at a junior high school in the defendant school district. It is his claim that in filling the vacancy from outside of its existing staff, the school district violated that part of the collective bargaining agreement with the association relating to transfer procedure (Article XV) and staff reduction (Article XVI).

Hutton's grievance was denied at the lower levels of the grievance procedure and finally denied by the superintendent. Under the collective bargaining agreement between the parties this set the stage for a demand for compulsory and binding arbitration of the grievance. The association, on behalf of Hutton, gave timely notice to the school district of its intent to pursue binding arbitration. The school district, however, refused to proceed to arbitration or to meet with the association for the purpose of selecting a mutually acceptable arbitrator.

Upon the filing of this action by the association, the school district answered alleging that arbitration should not be compelled because (a) the grievance alleged was not a violation of the collective bargaining agreement; and (b) the subject matter of the grievance falls within the area of determination exclusively reserved to the employer under section 20.7, The Code. A third reason for not submitting to compulsory arbitration was raised by the school district in a counterclaim for declaratory judgment filed in the same action. This involved the contention that on the basis of the veteran's preference laws set forth in ch. 70, The Code, the school district was required to prefer another candidate, not a member of the existing staff, over Hutton.

These three issues, (1) whether the grievance alleged violates the contract, (2) whether the subject matter falls within the area reserved to the employer under section 20.7, The Code, and (3) whether ch. 70, The Code, requires the school district to prefer an applicant not presently on the district staff, are the three issues to be considered on appeal. They are considered only within the context of the justification advanced for the refusal of the school district to arbitrate the Hutton grievance.

■ I. In response to the school district's claim that the grievance alleged was not a violation of the agreement, the association asserts that the collective bargaining agreement requires binding arbitration of all grievances alleging specific contract violation, not merely those which a court

might consider to be meritorious. We agree. With respect to proper implementation of agreements of the type involved in this case, any prior judicial determination as to what is arbitrable must be limited to a determination of (1) whether the contract contains a grievance procedure providing for compulsory arbitration of contractual disputes and (2) whether the grievance alleges a violation of a provision of the contract. *See, e. g., United Steel Workers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *United Steel Workers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steel Workers v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).

While the cited cases involved interpretation of section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), we view these principles as applicable to the present dispute. Approval thereof was expressed in *Local Union No. 721 v. Needham Packing Co.*, 260 Iowa 908, 911 N.W.2d 540, 542 (1967).

■ In applying these principles to the present dispute, we find that the association grievance in the Hutton matter clearly asserts a violation of specific provisions of the collective bargaining agreement relating to staff reduction and transfers. Subsection (C)(6) of Article XX of the agreement provides for compulsory and binding arbitration of grievances thereunder. A grievance is defined by the agreement as follows: "A grievance shall mean only a complaint that there has been an alleged violation, misinterpretation or misapplication of any of the specific provisions of this agreement." The school district, as one of the contracting parties, should not be permitted to defeat the association's right to binding arbitration by asserting that the contract provisions alleged to have been violated do not apply or that other inconsistent contract provisions do apply. These are matters within the scope of what has been agreed shall be arbitrated. The trial court in the present case, in at least three separate portions of its ruling, prejudged the merits of the alleged contractual violation.[1] This was not a proper basis for refusing to enforce arbitration.

■ II. We next consider the school district's claim that the Hutton grievance does not present a proper subject for arbitration because the dispute relates to an area of determination exclusively reserved to the employer under section 20.7, The Code. The school district made the same argument to the Public Employment Relations Board with respect to the same matter now before the court. It requested the P.E.R. Board to find the association guilty of a prohibited practice for interfering with the employer's rights under section 20.7, The Code, in the Hutton grievance. In rejecting this claim, the P.E.R. Board stated:

[A]n acceptance of the District's argument, if carried to its logical extreme, would result in a thorough abrogation of employee organization rights to negotiate over any subject in Section 9 which impacts upon an employer's Section 7 right, such as transfer procedures, evaluation procedures, seniority, or procedures for staff reduction. Such an incongruous result would clearly be inimical to the policies and purposes of the Act. For all of these reasons, the District's argument must be rejected.

The *specific provision* that the Association claims has been violated, misinterpreted or misapplied, in Article XV, "Procedure for Transfers." The clear language of Sections B.2, 3 & 4, of that article do not restrict the District from taking applications from outside the district. The Association's position that the taking of applications from outside the District is a violation, misinterpretation or misapplication of those provisions finds no support in the agreement . . . .

---

1. These include the trial court's conclusions that:

The agreement does not state that present employes shall have preference in the filling of vacancies.

There is no provision that can be interpreted as requiring that employes of District possess preference for the filling of vacancies, over persons who are not already employes of the District.

We believe the position taken by the P.E.R. Board is sound. Section 20.7, The Code, does not retain for the employer a right to act unilaterally on those matters which have been made the subject of collective bargaining or those matters which, as a result of collective bargaining, have been made the subject of compulsory arbitration. For this reason, we must conclude that section 20.7, The Code, does not defeat the association's right to arbitrate the Hutton grievance.

 III. We next consider the claim of the school district, accepted by the trial court, that the veteran's preference laws, contained in ch. 70, The Code, require the school district to prefer an applicant not presently on the district's staff. We cannot agree that the argument thus advanced can justify the school district's refusal to arbitrate the Hutton grievance. This argument, even if valid, is at best a claim that the portions of the contract alleged to have been violated were not violated. For the reasons discussed in division I of this decision, such a determination falls within the scope of matters entrusted to arbitration under the agreement. This issue is no more a proper subject for prejudgment by a court than any other issue involving alleged breach of contract.

■ The foregoing conclusion is not altered by the fact that this issue is raised in the present case by a counterclaim for declaratory judgment. As stated in 22 Am. Jur.2d *Declaratory Judgments*, § 52, at 911 (1965): "Where a contract provides for arbitration of dispute arising thereunder, a party to the contract may not, without having sought arbitration, seek a declaratory judgment as to his rights under the contract." *Accord, Lichter v. Goss*, 163 F.2d 1000 (7th Cir. 1947). The trial court should have declined to consider the issue in the present counterclaim.

In addition, we entertain serious doubts as to the merits of the school district's claims based upon ch. 70, The Code. If Hutton is correct that the collective bargaining agreement required the school district to fill the counseling position from qualified employees of the district (a matter as to which we intimate no opinion), then the district would not appear to have had an open position to which the veteran's preference rights of persons outside the school system could attach.

■ IV. Lastly, we consider the association's claim that it should recover attorney fees from the school district. We are unable to discern any indication of bad faith in the record. Accordingly, attorney fees are not allowable under the principle recognized in *Teamsters Local Union No. 394 v. Associated Grocers*, 263 N.W.2d 755, 760 (Iowa 1978).

The judgment of the trial court is reversed and the cause is remanded with directions to sustain the plaintiff's motion for summary judgment and order arbitration of the grievance in accordance with the procedures specified in Article XX of the agreement. Defendant's counterclaim should be dismissed.

REVERSED AND REMANDED.