**COUNCIL BLUFFS ASSOCIATION OF PROFESSIONAL FIREFIGHTERS, LOCAL 15, An Employee Organization, Appellant,**

v.

**CITY OF COUNCIL BLUFFS, Iowa, A Public Employer, Appellee.**

No. 92–416.

Court of Appeals of Iowa.

Dec. 29, 1992.

Dennis M. McElwain and MacDonald Smith, Smith & Smith, Sioux City, for appellant.

James E. Brick and Douglas F. Staskal, Brick, Gentry, Bowers, Swartz, Stoltze, Schuling & Levis, P.C., Des Moines, for appellee.

Heard by DONIELSON, P.J., SACKETT,

J., and McCARTNEY, Senior Judge.[*]

DONIELSON, Presiding Judge.

The Council Bluffs Association of Professional Firefighters, Local 15 appeals from the district court's grant of summary judgment in favor of the City of Council Bluffs.

The firefighters' union (union) and the City of Council Bluffs (City) are parties to a collective bargaining agreement which provides, in part, that the City is to maintain a group health insurance plan for union members and their dependents. The City maintains the health coverage through a self-insured plan which is administered by the Principal Financial Group. The insurance plan states, in part, that it will not cover charges which result from injury or sickness "arising out of or in the course of any employment for wage or profit."

On July 20, 1990, a firefighter, Vernon Auch, injured himself while he was employed as a part-time painter. Auch submitted medical expense claims to the City's health plan, and the City paid the benefits to him. However, on May 23, 1991, a claims examiner from the insurance company notified Auch his health care benefits had been overpaid and requested reimbursement for the overpayment. The letter explained that because Auch's injuries arose out of employment for wage or profit, those injuries were not covered by the insurance plan.

The health insurance plan specifically provided for a complaint procedure whereby an eligible employee may file a complaint with the personnel department concerning the payment of claims through the plan. On June 19, 1991, Auch submitted a complaint for consideration under the plan's complaint procedure. Following the plan administrator's decision denying Auch relief, Auch requested his complaint be considered by the insurance review committee. In August 1991, the committee decided the plan administrator properly denied Auch's claim. The committee was in the process of reviewing Auch's complaint when the lawsuit at issue was filed.

The collective bargaining agreement entered into by the City and the union also specifically provided a grievance procedure. On May 31, 1991, the firefighters' union, on behalf of Auch, filed a labor agreement grievance with the City's fire chief. The grievance claimed that due to past practices and the union's agreement with the City, reimbursement would violate Auch's rights under the insurance contract. The City claimed the grievance was not timely filed and disputes over health care benefits did not involve a proper subject for the grievance procedure.

On June 18, 1991 the union requested the grievance be submitted to arbitration under the terms of the collective bargaining agreement. The City refused, claiming the collective bargaining agreement specifically excluded health benefit disputes from its arbitration clause. On July 12, 1991, the union instituted this cause of action seeking to compel the City to arbitrate Mr. Auch's grievance. Both parties moved for summary judgment and the district court granted summary judgment in the City's favor.

The union now appeals. The union claims the district court erred in granting summary judgment by finding: (1) a dispute over health care benefits is not arbitrable under the collective bargaining agreement as a matter of law; and (2) the untimeliness of the employee's grievance barred arbitration as a matter of law.

Our scope of review is for the correction of errors at law. Iowa R.App.P. 4. Summary judgment is appropriate only if there exists no genuine issue of material fact. *Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact. *Id.* The evidence must be viewed in the light most favorable to the nonmoving party. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). This procedure is functionally akin

---

[*] Senior Judge from the 2nd Judicial District serving on this court by order of the Iowa Supreme Court.

to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party. *Id.* A fact issue is generated if reasonable minds can differ on how the issue should be resolved. *Id.* If the conflict in the record consists only of legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne*, 424 N.W.2d at 423.

I. *Whether Auch's Grievance is Arbitrable Under the Collective Bargaining Agreement.* The union first contends Auch's grievance constitutes a dispute which involves an interpretation of the insurance provisions of the collective bargaining agreement. Therefore, the union argues the district court improperly found the City was entitled to summary judgment.

The collective bargaining agreement at issue defines a grievance as follows: "A grievance shall be defined as a dispute or disagreement raised by an employee involving the interpretation or application of specific provisions of this agreement." Therefore, the issue before the district court was whether the grievance filed on behalf of Auch constituted a dispute which involved "the interpretation or application of the specific provisions" of this collective bargaining agreement and was therefore arbitrable under the agreement.

Article XX, Section 1 of the collective bargaining agreement outlines the health insurance provisions as applied to the union. This section provides, in relevant part:

Before any new group health insurance plan is implemented, proposals based on essentially equivalent specifications are to be secured. Specifications are to be set by the City. The Union may participate with the City in establishing the specifications.

If an employee or his/her dependents do not enroll in the City provided health plan at the time of appointment, or if coverage is terminated by the employee, subsequent enrollment or re-enrollment may be denied by the health insurance carrier on the basis of underwriting policy. *The terms of any contract or policy issued by an insurance carrier shall be controlling in all matters pertaining to benefits thereunder.*

(Emphasis added.)

The union argues the language of the grievance procedure provisions of the collective bargaining agreement indicates the Auch grievance is arbitrable and nothing in the above language justifies excluding the Auch grievance from arbitration. We do not agree.

██ The legal effect of a contract is always a matter of law to be decided by the court. *Huff v. St. Joseph's Mercy Hospital*, 261 N.W.2d 695, 697 (citations omitted). In construing a written contract, the cardinal principle is that the intent of the parties must control; and except in cases of ambiguity, this is determined by what the contract itself says. Iowa R.App.P. 14(f)(14); *Anderson v. Aspelmeier, Fisch, Power, Warner & Engberg*, 461 N.W.2d 598, 600 (Iowa 1990) (citation omitted). Therefore, this court will determine whether Auch's grievance is arbitrable from the contract entered into by the parties. *Hawkins/Korshoj v. State Bd. of Regents*, 255 N.W.2d 124, 127 (Iowa 1977).

██ The language of the collective bargaining agreement in Article XX, Section 1, supports a finding that Auch's grievance is not, and was not intended to be arbitrable. The collective bargaining agreement clearly stipulates the terms of any policy issued by an insurance carrier are controlling in all matters pertaining to benefits. Consequently, the grievance concerning the payment of health benefits under the insurance plan is outside those matters agreed to by the parties as appropriate for arbitration under the collective bargaining agreement.

We find the district court correctly interpreted the language of the collective bargaining agreement. The language of Article XX, Section 1 mandates that the terms of Auch's health insurance plan (which includes an exclusion of coverage for charges which result from injury "arising out of or in the course of any employment for wage or profit") be controlling. Because this

language is controlling, Auch's grievance is not a dispute which involves an interpretation or application of the specific provisions of the collective bargaining agreement between the City and the union. Therefore, the district court correctly found the City was entitled to summary judgment on the grounds Auch's grievance was non-arbitrable under the collective bargaining agreement as a matter of law.

II. *Timeliness of the Auch Grievance.* The union also contends the district court erred in finding the untimeliness of Auch's grievance barred arbitration pursuant to collective bargaining agreement as a matter of law. In the appellee's brief, the City concedes the resolution of Auch's grievance requires a factual determination as to when he became aware of the basis for the grievance.

Because we have affirmed the district court's finding that Auch's grievance is non-arbitrable under the collective bargaining agreement as a matter of law, it is not necessary to address the issue of whether the grievance was timely.

The costs of this appeal are taxed to the appellant union.

For the reasons stated, we affirm the judgment of the district court.

AFFIRMED.