**STATE of Iowa, Appellant,**

v.

**STATE POLICE OFFICERS COUNCIL, Appellee.**

No. 93–1471.

Supreme Court of Iowa.

Dec. 21, 1994.

Bonnie J. Campbell, Atty. Gen., and Jeffrey D. Farrell, Asst. Atty. Gen., for appellant.

Charles E. Gribble of Gribble Law Firm, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

This case involves a dispute over the arbitrability of a public employee organization's grievance. The employee organization also seeks to recover its attorney fees. In a declaratory judgment action, the district court ordered the State to proceed to arbitration, but refused to award attorney fees. We affirm.

I. *Background.*

The State Police Officers Council (SPOC) is an employee organization acting as the exclusive bargaining representative for, among others, state troopers and special agents employed by the Department of Public Safety of the State of Iowa. *See* Iowa Code § 20.3(4) (1991). Supervisory employees are specifically excluded from the collective bargaining agreement (agreement) between SPOC and the State. Supervisory employees are also excluded from collective bargaining by statute. Iowa Code § 20.4(2).

The agreement contains a grievance procedure ending in compulsory arbitration. A grievance is defined as "a written complaint by an employee or the [SPOC] involving an alleged violation of a specific provision of the Agreement, or the interpretation or application of a term of this Agreement." Articles on recognition, seniority, and layoff are among the specific provisions of the agreement.

In 1991 the State reduced the number of its supervisory employees in the Department of Public Safety, but allowed them to bump into the collective bargaining unit. By bumping into the bargaining unit, three supervisory employees displaced three members of the bargaining unit. SPOC filed a timely grievance on behalf of the displaced members. The grievance alleged violations of the recognition, seniority, and layoff provisions of the agreement. The terms of the agreement specifically exclude supervisors from the bargaining unit; the seniority and layoff provisions do not mention supervisors. The grievance was denied by the State. SPOC sought arbitration of the grievance.

The State filed a petition for declaratory judgment claiming the grievance was not arbitrable because it dealt with issues outside the scope of the agreement. SPOC counterclaimed, seeking to compel arbitration and requesting an award of attorney fees for the State's alleged bad faith refusal to arbitrate the grievance. On summary judgment, the court ordered the State to proceed to arbitration but refused to award attorney fees. The State appeals the order to arbitrate and SPOC cross-appeals the denial of attorney fees.

II. *Scope of Review.*

Because there are no issues of material fact in this case, we review for correction of errors at law. Iowa R.App.P. 4. Summary judgment is proper when the conflict in the record consists only of the legal consequences flowing from undisputed facts. *Council Bluffs Ass'n of Professional Fire-*

*fighters, Local 15 v. City of Council Bluffs,* 497 N.W.2d 175, 176 (Iowa App.1992) (citing *Farm Bureau Mut. Ins. Co. v. Milne,* 424 N.W.2d 422, 423 (Iowa 1988)).

### III. *Arbitrability of the Grievance.*

■■■ The threshold question determining whether the grievance is subject to arbitration is whether the parties agreed to settle the disputed issue by arbitration. *Iowa City Community Sch. Dist. v. Iowa City Educ. Ass'n,* 343 N.W.2d 139, 141 (Iowa 1983). The arbitrability of a dispute is a legal issue to be determined by interpretation and construction of the parties' agreement. *Id.; Atlantic Educ. Ass'n v. Atlantic Community Sch. Dist.,* 469 N.W.2d 689, 691 (Iowa 1991). The threshold issue of whether the parties agreed to arbitrate is to be determined by the court. *AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648, 656 (1986).

The State argues the grievance challenges supervisors' bumping rights. The State therefore claims that the parties did not agree to arbitrate the issue because supervisors are specifically excluded from the agreement. The State mischaracterizes the grievance. The grievance filed by SPOC stated:

Troopers, Todd Olmstead and Milan James, and Special Agent Craig Mackaman, were notified on or about August 19, 1991, that they were to be laid off September 17, 1991. The layoffs occurred as a result of the State's contention that supervisory employees who are laid off may bump back into the bargaining unit *and displace current bargaining unit members.* The State's action in allowing laid off supervisory employees *to bump current members of the bargaining unit* includes, but is not limited to, the following violations of the Collective Bargaining Agreement: Article II, Recognition and Union Security, Article V, Seniority, and Article VI, Layoff Procedure.

(Emphasis added.) SPOC challenges the displacement of current members of the bargaining unit. Because current members of the bargaining unit are clearly covered by the agreement, questions relating to their seniority and the procedures for their layoff

are part of what the State agreed to arbitrate.

■■■ Although arbitrability is for the courts to decide, judicial determination of arbitrability is limited to (1) whether the agreement contains a grievance procedure providing for compulsory arbitration of contractual disputes and (2) whether the grievance alleges a violation of a provision of the agreement. *Ottumwa Educ. Ass'n v. Ottumwa Community Sch. Dist.,* 297 N.W.2d 228, 231 (Iowa App.1980). The court may not consider the merits of the underlying claim in analyzing arbitrability. *Id.; AT & T Technologies, Inc.,* 475 U.S. at 649, 106 S.Ct. at 1419, 89 L.Ed.2d at 656. There is a presumption of arbitrability when the agreement contains an arbitration clause "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *AT & T Technologies, Inc.,* 475 U.S. at 650, 106 S.Ct. at 1419, 89 L.Ed.2d at 656 (quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409, 1417–18 (1960)); *Iowa City Community Sch. Dist.,* 343 N.W.2d at 141; *Sergeant Bluff–Luton Educ. Ass'n v. Sergeant Bluff–Luton Community Sch. Dist.,* 282 N.W.2d 144, 147–48 (Iowa 1979).

■■■ Here the agreement provides for compulsory arbitration of grievances involving disputes over a specific provision or term of the agreement. The grievance alleges a violation of the recognition, seniority and layoff terms of the agreement. *See Iowa City Community Sch. Dist.,* 343 N.W.2d at 141 (grievance based on complaint the school district misinterpreted and misapplied a specific provision of the contract was arbitrable). Laying off current members of the bargaining unit pursuant to the seniority and layoff procedure clearly involves these terms of the agreement. Also, there is no provision in the agreement specifically excluding the dispute at issue from arbitration. *See id.; see also Council Bluffs Ass'n of Professional Firefighters,* 497 N.W.2d at 177 (holding disputes about firefighters' health care benefits not arbitrable because the agreement "clearly

stipulates the terms of any policy issued by an insurance carrier are controlling in all matters pertaining to benefits").

Both parties cite *Marshalltown Education Ass'n v. Public Employment Relations Board,* 299 N.W.2d 469 (Iowa 1980), in support of their case. In *Marshalltown* the school proposed a contract term which would allow its administrative employees to retain and accumulate seniority for use if they were ever reassigned to the bargaining unit. The issue was whether such a provision constituted a mandatory bargaining subject. We held it did not.

The State argues that *Marshalltown* stands for the proposition that it would be impermissible to include a provision granting supervisors bumping rights in the agreement. It claims this supports its argument that supervisors' bumping rights are outside the scope of the agreement. We disagree. The fact that the topic is not a mandatory subject for bargaining does not preclude the parties from voluntarily agreeing upon such a provision. *See Iowa City Community Sch. Dist.,* 343 N.W.2d at 141. Here the agreement contains no supervisors' bumping rights provision; but its absence is not relevant to the arbitrability of the dispute at issue, which deals with the rights of the displaced members of the bargaining unit.

SPOC argues that *Marshalltown* suggests it would be illegal to allow supervisors to bump into the bargaining unit. We refuse to give *Marshalltown* such an expansive reading. The case merely stands for the proposition that the issue is not a mandatory subject for bargaining. Our *Marshalltown* decision has no bearing on the arbitrability of this dispute.

We hold the agreement made the issue of supervisors' displacement of current bargaining unit members arbitrable. It is for the arbitrator to interpret the relevant provisions of the agreement and determine the merits of the dispute. *Iowa City Community Sch. Dist.,* 343 N.W.2d at 142; Iowa Code § 20.18.

IV. *Attorney Fees.*

■ Each party is generally responsible for its own attorney fees in the absence of a statute or enforceable contractual provision allowing for fee-shifting. *Lara v. Thomas,* 512 N.W.2d 777, 786 (Iowa 1994). There are, however, limited exceptions to this general rule. Federal courts are authorized to award attorney fees in labor arbitration disputes "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Actors' Equity Ass'n v. American Dinner Theatre Inst.,* 802 F.2d 1038, 1041 (8th Cir.1986). Our law is more restrictive than the federal law. We require proof of bad faith. *Sergeant Bluff–Luton Educ. Ass'n,* 282 N.W.2d at 151.

■ We do not believe the State has acted in bad faith. In fact, if the State had not raised or reserved the arbitrability issue before submitting to arbitration, it might have waived the issue. *See City of Des Moines v. Central Iowa Pub. Employees Council,* 369 N.W.2d 442, 445 (Iowa 1985); *see also Ficek v. Southern Pac. Co.,* 338 F.2d 655, 657 (9th Cir.1964) ("A claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act."). As a result, we affirm the trial court's denial of SPOC's request for attorney fees.

**AFFIRMED.**