**AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES/IOWA COUNCIL 61, Appellee,**

v.

**STATE of Iowa and Iowa Department of Personnel, Appellant.**

No. 93-1723.

Supreme Court of Iowa.

Jan. 18, 1995.

Bonnie J. Campbell, Atty. Gen., and Theresa O'Connell Weeg, Asst. Atty. Gen., for appellant.

Michael Hansen and Betty Buitenwerf, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and ANDREASEN, JJ.

CARTER, Justice.

The State and its Department of Personnel appeal from a district court decision ordering arbitration of a grievance filed by American Federation of State, County, and Municipal Employees/Iowa Council 61 (AFSCME), a labor organization representing state employees. The grievance concerned reduction in hours of state employees covered by a collective bargaining agreement. The State and its personnel agency contend that the matter is not arbitrable because: (1) the State did not agree to arbitrate grievances involving persons who are not public employees, and (2) the matter is beyond the scope of the arbitrator's authority. Although AFSCME originally cross-appealed, challenging the district court's refusal to award it attorney fees, that issue has been withdrawn from our consideration. After reviewing the record and considering the arguments presented, we affirm the district court's order.

Green Thumb, Inc. is a nonprofit organization that provides job training and employment services for older citizens. The State used Green Thumb workers in some rural Department of Employment Services offices without incurring any obligation for payment of wages or benefits. When the Department of Employment Services reduced the hours of agency employees in the classifications of

Interviewers I and Interviewers II, that agency did not dismiss or reduce the hours of "Green Thumb" employees who were doing similar work for the agency.

AFSCME filed a grievance on behalf of its members whose hours had been reduced. It alleged that the State violated article VI, section 2 of the collective bargaining agreement by reducing the hours of affected union employees without first laying off or reducing the hours of Green Thumb workers. The contract provision upon which AFSCME relied provides as follows:

> An agency may not lay off permanent employees until they have eliminated all nonpermanent positions within the layoff unit in the same classification in the following order: emergency, temporary, provisional, intermittent, trainee, and probationary.

The Department of Personnel denied the grievance at all stages prior to arbitration.

The parties selected an arbitrator and scheduled a hearing. One week prior to the hearing date, the Department of Personnel informed AFSCME that the State would not arbitrate the grievance because Green Thumb workers were not public employees covered by the collective bargaining agreement. AFSCME then filed a petition to order arbitration with the district court pursuant to Iowa Code section 20.17(5) and section 20.23 (1993). Following a hearing, the district court found that the purpose of the grievance "is to determine the rights of the Job Service interviewers under the contract, not Green Thumb employees." The court noted that addressing several of the State's claims would require it to improperly address the merits of the grievance. Finding that the arbitration clause covered the dispute, the court granted AFSCME's request and ordered arbitration of the grievance.

■ Arbitration is a legal issue that must be resolved through interpretation and construction of the parties' collective bargaining agreement. *Atlantic Educ. Ass'n v. Atlantic Community Sch. Dist.*, 469 N.W.2d 689, 691 (Iowa 1991). Consequently, the judicial role in the present case is limited to the determination of two issues: whether AFSCME's grievance alleges a violation of a provision of the collective bargaining agreement, and whether the grievance procedure contained in that agreement provides that the type of contract dispute in question is to be arbitrated. In the present case, we, like the district court, answer both of these questions in the affirmative.

■ The State's argument that this particular grievance is not covered by the collective bargaining agreement is predicated upon a theory that the Green Thumb employees are nonpermanent, nonpublic employees and thus not covered by the agreement. The problem with this contention, however, as a means for blocking arbitration, is that the grievance was not filed by the Green Thumb employees, but rather by an employee organization acting on behalf of workers who are state employees. The situation is very similar to that recently before this court in *State v. State Police Officers Council*, 525 N.W.2d 834 (Iowa 1994). In that case, the State similarly attempted to preclude arbitration by urging that the determination of the rights of the grieving employees indirectly brought into play the contract status of supervisors whose rights were not subject to arbitration under the collective bargaining agreement. In rejecting that contention, we stated:

> The State mischaracterizes the grievance.... [Although] the agreement contains no supervisors' bumping rights provision, its absence is not relevant to the arbitrability of the dispute at issue, which deals with the rights of the displaced members of the bargaining unit.

*Id.* at 836. Similarly, in the present case, the fact that the rights of the Green Thumb employees are not subject to arbitration does not preclude the arbitrability of those contract employees whose contract rights are affected by actions taken vis-à-vis the Green Thumb employees.

■ Arbitrability may be triggered by a mere allegation of a violation of a provision of the agreement. *Id.* at 836; *Ottumwa Educ. Ass'n v. Ottumwa Community Sch. Dist.*, 297 N.W.2d 228, 231 (Iowa App.1980). AFSCME has alleged a violation of a specific provision of the collective bargaining agreement by the agency as the employer. When

such an allegation is lodged, the applicable provisions in article IV, section 1 of the collective bargaining agreement take over. That clause states that all complaints "*alleging* a violation involving the application and interpretation of the provisions of this agreement" are subject to the grievance procedure. (Emphasis added.) The appellants' argument that they did not agree to arbitrate this type of dispute is without merit because they agreed to arbitrate all contract disputes based on an allegation that a contract violation took place. The argument that appellants offer in support of their contention that this type of claim was not intended to be included among arbitrable issues is entirely dependent on an initial determination that the claim must fail on the merits. That is not a legitimate means for determining the arbitrability of an issue alleging a specific contract violation. *State Police Officers Council,* 525 N.W.2d at 536.

We have considered all issues presented and conclude that the order of the district court should be affirmed.

AFFIRMED.