**AFSCME/IOWA COUNCIL 61, Appellee,**

v.

**STATE of Iowa and Iowa Department of Personnel, Appellants.**

No. 94–852.

Supreme Court of Iowa.

Sept. 20, 1995.

Thomas J. Miller, Attorney General, and Linny Emrich, Assistant Attorney General, for appellants.

Michael E. Hansen, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

LARSON, Justice.

The State appeals from an order granting attorney fees and costs to American Federation of State, City & Municipal Employees/Iowa Council 61 (AFSCME) arising out

of an action to enforce an arbitration award. AFSCME cross-appeals on the ground that the district court applied the wrong standard for proving bad faith. We reverse and remand on the appeal and affirm the cross-appeal.

Alan Seigfried was a correctional officer at the Iowa State Penitentiary in Fort Madison. On October 25, 1991, he was terminated for conduct unbecoming an officer based on a criminal conviction in Illinois. Seigfried grieved his termination, and the grievance was eventually arbitrated. Later a dispute arose over the interpretation of the arbitrator's award as to what would be required for Seigfried to be reinstated, and the parties concluded that they needed a clarification from the arbitrator. AFSCME suggested it be done by a conference call, but the State held out for a full evidentiary hearing. In April 1993, the parties argued about the manner of obtaining the clarification. During that time, the State's representative failed to return several telephone calls made by AFSCME.

On May 3, 1993, AFSCME filed a petition to enforce the arbitrator's award. The district court granted AFSCME's motion for summary judgment and directed the parties to obtain a clarification from the arbitrator. The arbitrator ultimately ruled in favor of AFSCME's interpretation of the award.

After an evidentiary hearing, the district court awarded AFSCME $3960 in attorney fees and costs due to the "clear and convincing evidence" that the State acted in bad faith for refusing to implement the arbitration award and refusing to take part in an informal conference call to the arbitrator as proposed by AFSCME.

## I. *The Appeal.*

■ The State argues that the district court did not have the authority to award attorney fees against it because there is nothing in Iowa Code chapter 20 permitting such an award. *See Suss v. Schammel,* 375 N.W.2d 252, 256 (Iowa 1985) (attorney fees generally not recoverable in the absence of statute or provision in written contract). We have recognized an exception to this general rule when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co.,* 510 N.W.2d 153, 158 (Iowa 1993) (quoting *Alyeska Pipeline Serv. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141, 154 (1975)).

Our public employee bargaining cases have recognized the right to recover attorney fees if an employer has refused in bad faith to comply with an arbitration award. *See State v. State Police Officers Council,* 525 N.W.2d 834, 837 (Iowa 1994); *Sergeant Bluff–Luton Educ. Ass'n v. Sergeant Bluff–Luton Community Sch. Dist.,* 282 N.W.2d 144, 150–51 (Iowa 1979); *see also Teamsters Local Union No. 394 v. Associated Grocers of Iowa Coop., Inc.,* 263 N.W.2d 755, 760 (Iowa 1978) (under federal law, court will allow attorney fees on showing of bad faith).

The State attempts to distinguish both *Teamsters Local Union No. 394* and *Sergeant Bluff. Sergeant Bluff,* it argues, mentioned only in dicta that the state could be held liable for attorney fees because we ultimately held that the employees' union had not preserved error on the issue. The State distinguishes *Teamsters Local Union No. 394* as a case brought under federal law. 263 N.W.2d at 757.

We have recently approved the language of *Sergeant Bluff* in respect to allowing attorney fees. *See State Police Officers Council,* 525 N.W.2d at 837. Furthermore, we frequently consider the interpretations given to federal statutes in interpreting our own similar laws. *See, e.g., Boelman v. Manson State Bank,* 522 N.W.2d 73, 79 (Iowa 1994) (considering provisions of the Federal Rehabilitation Act to interpret the Iowa Civil Rights statute); *Cedar Rapids Ass'n of Fire Fighters v. Iowa Pub. Employment Relations Bd.,* 522 N.W.2d 840, 843 (Iowa 1994) (utilizing the Federal Fair Labor Standards Act and ADEA to interpret the Iowa public employment relations act). The district court properly determined that AFSCME had a claim for attorney fees against the State provided that it prove that the State acted in bad faith. *State Police Officers Council,* 525 N.W.2d at

837. The district court found that AFSCME had established bad faith.

■ The State contends that, even if the district court had the authority to award attorney fees, the evidence did not support a finding of bad faith here. The district court's ruling identifies the State's failure to return phone calls and "unilateral imposition" of its own interpretation of the arbitrator's award as the most egregious conduct engaged in by the State. Additionally, the district court found that the State's failure to submit to an informal conference call designed to clarify the arbitrator's award was another factor demonstrating bad faith.

We review the district court's decision on the bad-faith issue for abuse of discretion. *See Lackawanna Leather Co. v. United Food & Commercial Workers Int'l Union*, 706 F.2d 228, 232 (8th Cir.1983); *Sergeant Bluff*, 282 N.W.2d at 151. We find such an abuse when the district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Schettler v. Iowa Dist. Court*, 509 N.W.2d 459, 464 (Iowa 1993). "Unreasonableness" in this context

> has been said to mean action in the face of evidence as to which there is no room for difference of opinion among reasonable minds ... or not based on substantial evidence.

*Citizens Aide/Ombudsman v. Rolfes*, 454 N.W.2d 815, 819 (Iowa 1990) (quoting *Churchill Truck Lines v. Transportation Regulation Bd.*, 274 N.W.2d 295, 299–300 (Iowa 1979)); *see also Schettler*, 509 N.W.2d at 464–65.

Here, the State disagreed with the union about the arbitrator's meaning and the means by which to clarify the award (telephone conference or formal hearing). But this did not amount to a unilateral imposition of the State's own interpretation or a refusal to cooperate in securing the clarification of the arbitrator's award. The district court's characterization of the State's action as an impermissible attempt to reopen final and binding arbitration is not supportable; both parties agreed that clarification was necessary. Ultimately, the State was wrong about the arbitrator's intent, but this error does not amount to bad faith.

We conclude that both the interpretation of the arbitrator's award and the appropriate means of getting it clarified were fairly debatable. Applying the test of our cases, we conclude that there is no room for difference of opinion among reasonable minds as to whether the actions of the State amounted to bad faith and that the ruling of the trial court was not based on substantial evidence. We therefore conclude it abused its discretion. *See Citizens Aide*, 454 N.W.2d at 819. We reverse and remand for the entry of an order rescinding the award of attorney fees and costs.

## II. *The Cross–Appeal.*

■ AFSCME's cross-appeal is based on the court's application of a clear-and-convincing test for bad faith. AFSCME maintains that the evidentiary burden should be a mere preponderance of the evidence. As noted in the previous division, our review is for an abuse of discretion; it is not a "preponderance of evidence" or a "clear and convincing" issue. As we have already noted, however, one basis on which we will find an abuse of discretion is if the court's action is not based on substantial evidence. *Id.* The court's imposition of sanctions was not so supported, and even if we were to adopt the "preponderance of the evidence" standard proposed in AFSCME's cross-appeal, it could not aid them here. Accordingly, we affirm on the cross-appeal.

**REVERSED AND REMANDED ON APPEAL; AFFIRMED ON CROSS–APPEAL.**